IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ALOFT MEDIA, LLC,<br><br>    Plaintiff,<br>v.<br><br>SAP AG,<br>SAP AMERICA, INC.,<br>ORACLE CORPORATION,<br>ORACLE USA, INC.,<br>GOOGLE, INC., AND<br>YAHOO!, INC.,<br><br>    Defendants. | Civil Action No. 6:09-cv-303<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Aloft Media, LLC ("Aloft Media") complains against SAP AG, SAP America, Inc. (collectively "SAP"), Oracle Corporation and Oracle USA, Inc. (collectively "Oracle), Google, Inc. ("Google"), and Yahoo!, Inc. ("Yahoo!") (collectively "Defendants") as follows:

## PARTIES

1. Plaintiff Aloft Media is a Texas limited liability company with its principal place of business at 211 W. Tyler Street, Suite C-1, Longview, TX 75601.

2. Upon information and belief, Defendant SAP AG is a German corporation with its principal place of business at Dietmar-Hopp-Allee 16, 69190 Walldorf, Germany. SAP AG does not have a registered agent for service of process in the State of Texas. Pursuant to the Federal Rules of Civil Procedure, service upon Defendant SAP AG is proper through the means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial

1

Documents, *opened for signature* Nov. 15, 1965, 20 U.S.T. 36 1, UNTS 163 ("Hague Convention"). In accordance with Articles 3 and 5 of the Hague Convention, Defendant SAP AG can be served by forwarding a properly formatted request, summons and complaint to the Central Authority of the State of Baten-Wurttemberg of the Federal Republic of Germany, whose address is Justizministerium Baten-Wurttemberg, Schillerplatz 4, 70173 Stuttgart. Pursuant to Article 5(a) of the Hague Convention, Defendant SAP AG can be served by the Central Authority for the State of Baten-Wurttemberg in the method prescribed by the internal laws of the Federal Republic of Germany for the service of document in domestic actions upon persons who are within its territory.

3. Upon information and belief, Defendant SAP America, Inc. is a Delaware corporation authorized to do business in the State of Texas with its principal place of business at 3999 West Chester Pike, Newtown Square, Pennsylvania. Service of process may be had on SAP's registered agent, CT Corporation System, located at 350 N. St. Paul St., Dallas, Texas 75201.

4. Upon information and belief, Defendant Oracle Corporation is a Delaware corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood City, California 94065. Service of process may be had on Oracle Corporation's Registered Agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas.

5. Upon information and belief, Defendant Oracle USA, Inc. is a Colorado corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood City, California 94065. Service of process may be had on Oracle USA's Registered Agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

6. Upon information and belief, Defendant Google, Inc. is a Delaware corporation with its principal place of business at 1600 Amphitheater Parkway, Mountain View, California 94043.

Service of process may be had on Google, Inc.'s Registered Agent, Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

7. Upon information and belief, Defendant Yahoo!, Inc. is a Delaware corporation with its principal place of business at 701 First Avenue, Sunnyvale, California 94089. Service of process may be had on Yahoo!, Inc.'s Registered Agent, CT Corporation System, located at 350 N. St. Paul St., Dallas, Texas 75201.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Defendants have transacted business in this district and have committed and/or induced and/or contributed to acts of patent infringement in this district.

10. Upon information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## PATENT INFRINGEMENT

11. Aloft Media is the owner by assignment of United States Patent No. 6,832,226 ("the '226 patent") entitled "Method of Providing Data Dictionary-Driven Web-Based Database

Applications." The '226 patent issued on December 14, 2004. A true and correct copy of the '226 patent is attached as Exhibit A.

12. Upon information and belief, SAP is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '226 patent in the State of Texas, in this judicial district, and elsewhere in the United States. SAP's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation SAP Dynpro computer software. SAP is thus liable for infringement of the '226 patent pursuant to 35 U.S.C. § 271.

13. Upon information and belief, Oracle is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '226 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Oracle's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Oracle Application Express software. Oracle is thus liable for infringement of the '226 patent pursuant to 35 U.S.C. § 271.

14. Upon information and belief, Google is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '226 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Google's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Google Base computer software. Google is thus liable for infringement of the '226 patent pursuant to 35 U.S.C. § 271.

15. Upon information and belief, Yahoo! is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '226 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Yahoo!'s infringements

include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation Yahoo! Store computer software. Yahoo! is thus liable for infringement of the '226 patent pursuant to 35 U.S.C. § 271.

16. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, such marking requirements have been met.

17. As a result of the Defendants' infringement of the '226 patent, Aloft Media has suffered monetary damages that are compensable under 35 U.S.C. § 284 adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Aloft Media requests that this Court enter:

A. A judgment in favor of Aloft Media that Defendants have directly, and/or by way of inducing infringement by others, and/or by contributing to infringement by others, infringed the '226 patent;

B. A judgment and order requiring Defendants to pay Aloft Media its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '226 patent as provided under 35 U.S.C. § 284;

C. Any and all other relief to which the Court may deem Aloft Media entitled.

## DEMAND FOR JURY TRIAL

Aloft Media, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ Eric M. Albritton
Eric M. Albritton
Texas Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

**ATTORNEY FOR PLAINTIFF
ALOFT MEDIA, LLC**